THE MAYOR AND COMMON COUNCIL OF THE TOWN OF BOONTON, respondent,

*v.*

THE UNITED WATER-SUPPLY COMPANY, appellant.

[Argued November 25th, 1905.   Decided June 18th, 1906.]

A contract by a water company to furnish a town with water "for domestic purposes, the extinguishment of fires and other lawful uses," and also "for public and domestic uses and purposes of the inhabitants" of the town did not authorize the corporation to furnish water for the purpose of creating any power for mechanical purposes either by the means of the creation of steam or for the propelling any water motor ·to the prejudice of the town for domestic and fire uses.

On appeal from a decree of the court of chancery, advised by Vice-Chancellor Pitney, whose opinion is reported in· *69 N. J. Eq. 23.*

*Mr. Willard W. Cutler,* for the appellant.

*Messrs. Vreeland, King, Wilson & ·Lindabury,* for the respondent.

The opinion of the court was delivered by

GARRETSON, J.

The complainant filed a bill setting forth the making of a contract between it and Lewis Van Duyne and the Boonton Water Company for a supply of pure and wholesome water for domestic purposes,· the extinguishment of fires and other lawful uses.

By foreclosure proceedings the property of the Boonton Water Company became· the property of the United Water-

Supply Company, which succeeded to the rights and became bound by the terms of the contract with Boonton.

By the contract it was provided that the Boonton Water Company should supply to Boonton five hundred thousand gallons of water a day, to be increased to one million gallons a day if required for the extinguishment of fires, and also at least fifty-five fire hydrants.

The bill alleges that the water company is now selling and delivering water to the Delaware, Lackawanna and Western Railroad Company, at its station in Boonton, for the use of its locomotives and cars, and so much is so taken that a large number of the fire hydrants are at times made dry.

The bill prays an injunction against the water company from selling, furnishing and delivering water to the Delaware, Lackawanna and Western Railroad Company' for the use of its locomotives and cars, and that the water company be commanded to abide by and strictly perform the terms and conditions of said contract.

The decree was that the United Water-Supply Company absolutely refrain and desist from furnishing water from or out of its plant to any person or corporation for the purpose of creating any power for mechanical purposes, either by means of the creation of steam or for propelling any water motor, with leave to the complainant to apply to the court at any time thereafter to extend the restraint thereby granted so as to restrain the furnishing of water to the business of manufacture of felt hats as then supplied by the defendant.

The appellant seeks to reverse this decree because—

1. The appellant is not bound by all the terms of the contract and has not violated any part of the same that it was called upon to perform, but is complying with the same.

2. The appellant not only has the right to furnish water for the purpose of creating power for mechanical purposes by means of the creation of steam for propelling water motors and for the business of manufacture of felt hats, but is compelled to furnish water for these objects, and for any lawful purpose for which it may be required, within the town limits.

3. The decree is not warranted by the pleadings, as it de-

cides questions not in controversy, and the relief granted exceeds the prayer of the bill.

4. The complainants are not injured by the acts of the appellant.

5. The decree is contrary to the evidence and law.

To support these reasons the counsel for appellant argues, first, that the Boonton Water Company constructed a plant in accordance with the terms of its contract. I am not aware that this is disputed, but Boonton says that the water company fails to furnish such a supply of water as will accomplish what it agreed by its contract to do; that it does not furnish sufficient water, or rather water under sufficient pressure, to supply some of the fire hydrants so that they might be used effectively for the extinguishment of fires. We think the evidence shows conclusively that the water company is not keeping its contract in this respect.

It is also argued that the appellant is not prohibited by the terms of the contract from furnishing water to parties outside of the corporate limits. Counsel argues that certain of the covenants contained in the contract are by their terms not binding upon the United Water-Supply Company, the successor or assign of the Boonton Water Company, and among these is a covenant not to furnish water to parties outside the corporate limits of Boonton as then constituted, or as it might be hereafter constituted, but inasmuch as pending the case those places outside the town to which water was furnished became included within the corporate limits, it is not now worth while to consider the argument.

The third point is that the appellant not only had the right, but is obliged to furnish water to any person or corporation within the limits of the town for any lawful object.

The vice-chancellor, in his opinion, clearly points out that the use of water for mechanical or manufacturing purposes, taken in connection with the subject-matter, cannot be derived either under the terms of the preamble of the contract, which provides for a supply of water "for domestic purposes, the extinguishment of fires and other lawful uses," or from the covenant where the water is to be supplied "for the extinguishment of fires and

other public and domestic uses and purposes of the inhabitants of the town of Boonton," and the argument of the vice-chancellor is equally convincing that the true construction of the contract is that Boonton, in its corporate capacity, is entitled to the first lien and right of use of the supply of water for the extinguishment of fire and for the domestic uses of the inhabitants in preference to any use of any person for mere mechanical or manufacturing or other purpose.

The decree below will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—13.

*For reversal*—None.